# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CR612-012 |
| | ) | |
| ANTOINE M. ALLEN, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Antoine Allen seeks a free copy of his sentencing transcript. Doc. 126. It is unclear why he seeks a copy, other than in further pursuit of reconsideration or reduction of his sentence. A federal prisoner is not entitled to obtain copies of court records at Government expense for the purpose of searching the record for possible error. *See Hansen v. United States*, 956 F.2d 245, 248 (11th Cir. 1992) ("[A] request by a prisoner for access to the court files of his underlying criminal conviction is premature prior to the filing of a collateral attack on that conviction. . . ."); *Walker v. United States*, 424 F.2d 278, 278 (5th Cir. 1970). [1] His request must be **DENIED**.

---

[1] This is so even where the prisoner contemplates preparing a case pursuant to 28 U.S.C. § 2255. *See* 28 U.S.C. §§ 753(f) & 1915; *Hoover v. United States*, 416 F.2d 431, 432 (6th Cir. 1969). A § 2255 movant must set forth his entitlement to relief (in

**SO ORDERED,** this   30th   day of August, 2018.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

a timely-filed § 2255 motion) and *then* the Court will evaluate whether the preparation of transcripts is necessary. *See United States v. Horvath*, 157 F.3d 131, 132-33 (2d Cir. 1998) (§ 753(f) "provides for transcripts only in 'proceedings brought under section 2255'; but no such proceeding exists until a § 2255 motion is filed. Thus one of the statutory prerequisites is the court's certification that the transcript is needed for the court to 'decide' a § 2255 motion -- not for the petitioner to prepare it.  And of course, without a § 2255 motion in hand, a judge has no basis for certifying such a need, or even for determining (as the statute requires be done) whether the § 2255 motion is frivolous."); *United States v. Glass*, 317 F.2d 200, 202 (4th Cir. 1963) (an indigent defendant may not obtain a free transcript "merely to comb the record in the hope of discovering some flaw.").  Of course, here, Allen has filed no such motion and thus the Court cannot ascertain whether transcripts are needed.