# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CR612-012 |
| | ) | |
| ANTWOINE MAURICE ALLEN, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Defendant Antwoine Allen has moved the Court for release, pursuant to 18 U.S.C. § 3143, doc. 157, pending disposition of the United States Probation Office's motion to revoke Allen's term of supervised release, doc. 141. On May 6, 2020, the Court held a hearing on defendant's motion. For the reasons explained more fully below, his motion is **DENIED**. Doc. 157.

In 2013, Allen was convicted of distribution of cocaine base and sentenced to 120 months in custody and 5 years of supervised release, among other penalties. *See* doc. 141 at 1. The United States Probation Office alleges that on November 24, 2019, Allen was discovered in possession of a 9 mm pistol and a quantity of suspected marijuana. *Id.* at 1–2. Possession of either a firearm or marijuana, or the state charges

arising from those possessions, would violate the conditions of his supervised release. *See id.* at 1–2. At defendant's preliminary hearing, he waived any consideration of release. Doc. 157 at 1. He now contends that evidence, discussed below, and the ongoing COVID-19 pandemic are sufficient to justify his release.

Evaluation of release pending disposition of a supervised release violation is governed by 18 U.S.C. § 3143. Under the statute, subject to exception not relevant here, detention is mandatory "unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released," subject to the conditions identified in 18 U.S.C. § 3142(b) or (c). 18 U.S.C. § 3143(a)(1). "The burden of establishing by clear and convincing evidence that the person will not flee or pose a danger to any other person or to the community rests with the person." Fed. R. Crim. P. 32.1(a)(6).

In the first place, the Court finds that Wilson has demonstrated by clear and convincing evidence that he is not likely to flee. At the hearing, Allen called Tameka Parker-Bishop who testified about his long-standing ties to Savannah, Georgia. Ms. Parker-Bishop also

testified that, to her knowledge, Allen did not posses a passport and did not regularly travel outside the Savannah area.  The Court is satisfied, therefore, that Allen is not likely to flee.

Allen has, however, failed to make the second showing required by § 3143.  Ms. Parker-Bishop testified that, in her experience, Allen was never violent.  Nevertheless, the Government pointed out that Allen's criminal history includes participation in a particularly violent robbery, though he was not accused of perpetrating the violence.  The Government also pointed out that Allen's dangerousness was not exclusively a question of violence.  Allen's criminal history includes a number of drug offenses, including a conviction for selling cocaine base.  Finally, the Government pointed out Allen's history of failing to abide by court-imposed conditions of his release from incarceration.  The defense presented nothing in rebuttal.  The Court simply cannot concede that a history of abetting—even if not committing—violent crimes, selling narcotics, and failing to abide by court-ordered conditions of release is consistent with a clear and convincing showing that Allen does not pose a danger to any other person or the community.

Recognition that Allen has not borne his burden to show that he is not a danger would normally conclude the § 3143 analysis. Allen, however, argues that the risks created by the COVID-19 pandemic to incarcerated persons militates in favor of his release. First, it is not clear that § 3143 permits consideration of any factors outside the required showings. The considerations specified under § 3143 are considerably narrower than the considerations under § 3142, which courts have recognized might permit consideration of COVID-19 related concerns. *See, e.g., United States v. Clark*, ___ F. Supp. 3d ___, 2020 WL 1446895, at * 2–3 (D. Kan. Mar. 25, 2020). The Court cannot say definitively that there is *no* case under § 3143 where COVID-19 related concerns would be relevant. If such a case exists, though, it is not this one.

Even assuming that § 3143 permitted consideration of COVID-19 related risks, Allen has not pointed to any specific facts supporting release. Defendant's brief does not identify any specific health concerns that might make him particularly susceptible to infection or to severe symptoms if infected. *See generally* doc. 157. At the hearing, defense counsel referred only to defendant's long history of cigarette smoking as

a risk factor. Such generalized concerns about the infection risks inherent in incarceration are not sufficient to support release, even supposing that the statute permitted the Court to consider them. *Cf. United States v. Dodd*, 2020 WL 1547419, at * 3 (D. Minn. April 1, 2020) (rejecting argument under § 3142(g)(3)(A) because "[d]efendant has not offered evidence of a personal health condition that would make him particularly susceptible to COVID-19 or to serious complications associated with the virus."). Although the Court does not wish to minimize the seriousness of defendant's concerns with infection, given the legal and factual weaknesses, they do not weigh in favor of release.

In summary, the Court finds that Allen has shown by clear and convincing evidence that he is not likely to flee, but he has not shown by clear and convincing evidence that he does not pose a danger to the safety of any other person or the community. His motion for release, pursuant to 18 U.S.C. § 3143 and Federal Rule of Criminal Procedure 32.1(a)(6), is, therefore **DENIED**. Doc. 157.

**SO ORDERED**, this 7th day of May, 2020.

*/s/ Christopher L. Ray*
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA