FILED
John E. Triplett, Acting Clerk
United States District Court

By MGarcia at 3:08 pm, Nov 02, 2020

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA

| UNITED STATES OF AMERICA | Case No. 6:12cr012-1 |
|---|---|
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| ANTWOINE MAURICE ALLEN | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☐ GRANTED

☐ The defendant's previously imposed sentence of imprisonment of _____ is reduced to _____. If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

☐ Time served.

If the defendant's sentence is reduced to time served:

☐ This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made,

and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of _____ months (not to exceed the unserved portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

2

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

☐ DEFERRED pending supplemental briefing and/or a hearing. The court DIRECTS the United States Attorney to file a response on or before _____, along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☒ DENIED after complete review of the motion on the merits.

☒ FACTORS CONSIDERED (Optional)

Defendant contends his medical condition qualifies as an "extraordinary and compelling reason" under 18 U.S.C. § 3582(c) that warrants compassionate release. Defendant provides no medical records to substantiate his assertions of chronic respiratory infections and "other age related illnesses . . . such as diabetes." See Dkt. No. 170. Defendant has also failed to show that he has not received the medical treatment he requires or that he is unable to engage in self-care within the correctional facility. As such, the Court finds that Defendant has failed to show a qualifying medical condition under § 3582(c).

Moreover, the factors contained in 18 U.S.C. § 3553(a) weigh in favor of Defendant serving the sentence imposed. First, Defendant's criminal history is concerning. In the underlying criminal case, Allen sold a total of 138.1 grams of crack cocaine to a confidential information on at least three separate occasions. He was also convicted of a felony in which he served as a lookout in an armed robbery, attempted rape, and oral sodomy of a woman who was eight months pregnant. Secondly, Defendant has shown an inability to follow Court orders. For example, Defendant is

3

currently incarcerated because the Court revoked his supervised release on June 2, 2020 for committing a new offense as well as possessing a controlled substance and firearm. This was not the first time Defendant violated the terms of release; he was initially sentenced to probation for the robbery but violated the terms of his probation. To grant Defendant compassionate release at this juncture would not reflect the seriousness of his crime, promote respect for the law, provide just punishment for the offense, nor afford general or specific deterrence for similar offenses.

☐ DENIED WITHOUT PREJUDICE because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

IT IS SO ORDERED.

Dated: November 2, 2020

_____
UNITED STATES DISTRICT JUDGE